IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PENNY NICHOLS CORN AND**
**TWYLA JENNINGS**                                                                                    **PLAINTIFFS**

**VS.**                                                              **CIVIL ACTION NO.  3:17cv827-HSO-LRA**

**MISSISSIPPI DEPARTMENT OF**
**PUBLIC SAFETY**, *et al.*                                                                          **DEFENDANTS**

---

**MOTION TO DISMISS, MOTION FOR QUALIFIED IMMUNITY,
AND TO STAY DISCOVERY**

---

**COMES NOW**, Defendants Albert Santa Cruz in his individual and official capacities, Marshall Fisher in his official capacity, and the Mississippi Department of Public Safety (hereinafter collectively "Defendants") and file this their Motion to Dismiss, Motion for Qualified Immunity, and to Stay Discovery, and in support thereof would respectfully show unto the Court the following:

1.      Plaintiff's Corn and Jennings filed their Complaint on October 16, 2017, alleging retaliation under the First Amendment for communicating issues concerning federal grants to the National Highway Traffic Safety Administration and wrongful discharge under state law.

2.      Plaintiff Penny Corn was the Office Director for the Mississippi Department of Public Safety's Division of the Mississippi Office of Highway Safety [MOHS], and Plaintiff Twyla Jennings was a Division Director II at MOHS.[1]

---

[1] First Amended Complaint, Para. 7.

3. Plaintiff Corn was appointed by the Governor of the State of Mississippi to be the Governor's Representative for the MOHS to the National Highway Traffic Safety Administration [NHTSA].[2] As the Governor's Representative, Corn was tasked with communicating with NHTSA concerning federal grants awarded to the MOHS. The grants were between NHTSA and MOHS.[3]

4. The Plaintiffs allege that Twyla Jennings acted as Corn's assistant.[4]

5. As part of her job duties, Plaintiff Corn alleges that she sent an email on October 6, 2016, reporting possible fraudulent ticket writing on one of the grants administered by MOHS.

6. On October 6, 2016, Corn writes to her superiors that:

> As the appointed Governor Representative for the Highway Safety Office, **I am legally and ethically required to report to the Region Office** that there is a possibility that false citations (ghost tickets) may have been written by officers during the working of the Call Back Grant that MOHS has awarded to MHP. Please be advised that I have reported this to the NHSTA Region VI Office.[5]

Corn Email, October 6, 2016 [ECF Dkt. 16-1](emphasis added).

7. Plaintiff Corn alleges that she sent the email, that her job duties as the Governor's Representative required her to make the report to NHTSA, and that she, in accordance with those duties, made the report; therefore, her alleged speech is not protected by the First Amendment.

---

[2] First Amended Complaint, Para 8.

[3] *Id*.

[4] First Amended Complaint, Para. 9.

[5] *See* Answer and Affirmative Defenses, Exhibit "A" [ECF Dkt. 16-1].

8. Plaintiff Jennings does not make any allegations that she engaged in any direct communications with NHTSA. Jennings only claims that she was acting as Penny Corn's assistant.[6]

9. Plaintiffs allege that they were terminated for Plaintiff Corn making the report to NHTSA concerning possible false citations, and that their termination violated the First Amendment.[7]

10. Taking the Plaintiffs allegations as true, they have not alleged a violation of the First Amendment, and their claims should be dismissed as a matter of law.

11. All of Plaintiff's claims against the Mississippi Department of Public Safety are barred by the Eleventh Amendment.

12. Plaintiffs have also failed to state a claim against Commissioner Marshall Fisher in his official capacity and former Commissioner Albert Santa Cruz in his individual and official capacities.

13. Defendant Santa Cruz is also entitled to qualified immunity for the Plaintiffs' federal claims.

14. Defendant Santa Cruz is immune in his individual capacity for Plaintiffs state law tort claims pursuant to the Mississippi Tort Claims Act.

15. Plaintiffs' claims against the Department of Public Safety and their claims for money damages against Commissioner Fisher in his official capacity are barred by the Eleventh Amendment.

---

[6] First Amended Complaint, Para. 9.

[7] First Amended Complaint, Para. 31.

16. Plaintiffs have failed to state a claim under 42 U.S.C. 1983 against Defendant Santa Cruz in his official capacity because their speech is not protected by the First Amendment.

17. Plaintiffs do not allege facts that establish a violation of the First Amendment by DPS, and their claims fail as a matter of law.

18. Plaintiff's state law wrongful discharge claim against Defendant Santa Cruz in his individual capacity should be dismissed as a matter of law because there is no individual liability for wrongful discharge.

19. Defendant Santa Cruz is immune under the Mississippi Tort Claims Act for state law torts against him in his individual capacity.

20. Discovery should be stayed pending resolution of the Defendants' Motion to Dismiss, and Motion for Qualified Immunity.

21. Under Local Rule 16(b)(3)(B) the attorney conference and discovery shall be stayed pending the Court's ruling on the motion.

> (B) Filing a . . . . jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to the issue pending the Court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to a motion asserting an immunity or jurisdictional defense is a decision committed to the discretion of the court.

Uniform Local Rule 16(b)(3)(B).

WHEREFORE PREMISES CONSIDERED, the Defendants respectfully request that all of the Plaintiffs' claims be dismissed as a matter of law, and to stay all discovery pending resolution of the motion.

Respectfully submitted, this the 24th day of May, 2018.

                                   **MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,** *et al.*

                        By:    */s/TommyWhitfield*
                                   **TOMMY WHITFIELD, MSB# 102482**
                                   **tommy@whitfieldlaw.org**

**WHITFIELD LAW GROUP, PLLC**
660 Lakeland East, Suite 200
Flowood, Mississippi 39232
(601) 863-8221 – Telephone
(601) 863-8231 – Facsimile

## CERTIFICATE OF SERVICE

      I, Tommy Whitfield, of the Whitfield Law Group, PLLC, the undersigned attorney, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Dennis L. Horn, Esq.
    Shirley Payne, Esq.
    HORN & PAYNE, PLLC
    Post Office Box 2754
    Madison, Mississippi 39130-2754
    hornepayne@gmail.com

    Stephen A. Brandon, Esq.
    Attorney at Law
    2648 Ridgewood Road, Suite B
    Jackson, Mississippi 39216
    steve@stevebrandonlaw.com

    *Counsel for Plaintiffs*

THIS, the 24th day of May, 2018.

                                     */s/ Tommy Whitfield*
                                     TOMMY WHITFIELD